IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE L. DUNSON, #168282
    Plaintiff,

vs.                                Case No.: 5:12cv116/MMP/EMT

BUDDY KENT, et al.,
    Defendants.

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on April 16, 2012 (*see* doc. 1). He subsequently filed an amended complaint (doc. 4). Also pending is Plaintiff's motion to proceed in forma pauperis (doc. 5). Upon review of Plaintiff's complaint, applicable statutes and controlling case law, as well as court records, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this

is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915; Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that in the Northern District of Florida, Plaintiff has had the following four cases dismissed as frivolous, malicious, or for failure to state a claim[1]:

Dunson v. McKinney, case no.: 5:08cv291/SPM/AK (closed 12/17/09);

Dunson v. United States of America, case no.: 5:09cv336/RS/GRJ (closed 1/12/11);

Dunson v. McKinney, case no.: 5:11cv322/MMP/CJK (closed 1/10/12); and

Dunson v. Kagon, case no.: 5:11cv323/RS/GRJ (closed 1/26/12).

In addition, the dismissal of case no. 5:08cv291/SPM/AK was affirmed on appeal. Therefore, Plaintiff qualifies as a "three-striker" who is no longer entitled to proceed in forma pauperis absent a showing that he is in imminent danger of serious physical injury.

In the instant complaint, Plaintiff, who is currently incarcerated at Union Correctional Institution ("UCI"), sues Defendants Assistant Warden Buddy Kent, Staff Assistant Cheryl Connad, Lt. R. Baffin, Capt. McKinney and Sgt. McKinney, each of whom is employed at Jackson Correctional Institution ("JCI"). Plaintiff states "I have ben (sic) beating (sic) up 3 times" (doc. 4 at 6), but the majority of the handwritten and typed pages complain of interference with his legal mail and detail a series of events that resulted in the loss of his legal paperwork in 2005 and 2006 (*see id.* at 6–22).

Clearly, these allegations do not meet the imminent injury requirement of section 1915(g). The loss of Plaintiff's legal paperwork, while certainly distressing to him, involved no physical injury, either past or present. His mention of having been beaten up three times is a passing reference that is utterly unrelated to the bulk of his allegations, and there is no indication who was involved in the purported assaults (doc. 4 at 6). Even if Plaintiff alleged that one or more of Defendants had been involved, which the court does not find, the complaint contains no suggestion of any threat of **imminent** physical injury from any Defendant. Furthermore, there could not

---

[1] The inmate number of the plaintiff in the following four cases, #168282, is the same as Plaintiff's.

reasonably be such a threat, because each Defendant is employed at an institution (JCI) other than the facility where Plaintiff is currently housed (UCI). Having failed to meet the imminent danger requirement, Plaintiff cannot proceed in forma pauperis.

Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. Dupree, 284 F.3d at 1234. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 5) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 4th day of June 2012.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).